*Minutes of Superior Court, letter G. p. 133.*

*April Term,* 1809.

(A case reserved from Camden county.)

In the matter of MUSSAULT'S EXECUTOR.

### ADMINISTRATION.

By *Charlton*, Judge.

IT appearing from the proceedings of the court of or-
dinary of Camden, that, upon the petition or application of
the executor of *Mussault*, he was removed, and the adminis-
tration of the intestate's estates conferred upon *F. Petit de
Villiers.* It was contended by Mr. *Lawson*, that such an au-
thority, upon the circumstances of this case, is not delegated
by the law to the court of ordinary, for that the executor
cannot, by his own act or voluntary acquiescence, divest him-
self of the trust devolved upon him by the testator; and, in
this case, the court having ingrafted its proceedings upon an
accommodation to the wishes of the executor, the whole is
irregular. It must be recollected, that many actions were
pending against the executor *at the time* when the obligations
were shifted from his shoulders to those of an administrator.
I imagine that this fact was not known to the learned member
of this bar, whose opinion this court always receives with
respect, and under whose opinion the court of ordinary of
Camden framed its proceedings. From such a weight of
responsibility, it was not competent for the court of ordinary
to release the executor, for, independent of the delay it
would occasion, by driving the creditors to their action *de
novo* against the administrator, when the actions against the
executor were ripe for a submission to the jury ; it would,
at the same time, defeat the speedy obtainment of liens upon

GEORGIA,
Chatham Co.
APRIL, 1809.

In the matter of
Mussault's Ex'r.

the assets of the testator which the vigilance of the suing creditors entitled them to. Our local system recognises but two exigencies which might lead to the removal of executors, and the substitution of an administration ; the first is when the executor commits a *devastavit*, and the second, where his insolvency renders a continuation of his trust dangerous to the rights of creditors. I say, these exigencies may lead to a removal of an executor, for he may not be able to give the security, which the law authorizes the court of ordinary to demand, when he is placed in either of these precarious situations ; and if such security is not given, his removal is the inevitable result. An executor is a trustee, or *quasi* a trustee, and concerning him in that capacity, a British court of chancery would shift the trust upon the application of the executor, and the concurrence of those who are interested in the discharge of the trust. Our courts of ordinary may do this, or if that is doubtful, it can be effected on the equity side of this court. It is time enough, however, to decide this principle when it is more directly before me.

Upon the particular circumstances of this case, and for the reasons stated, I cannot recognise Mr. *Villiers* as the administrator of *Mussault*. That capacity must be considered as dormant, pending the suits against the executor.

*Lawson*, for the motion.
*Clarke*, against it.